ERNESTO BENÍTEZ, Appellant, *v.* THE REGISTRAR OF PROPERTY OF SAN JUAN, Respondent.

No. 1244.   Submitted June 2, 1949.—Decided June 14, 1950.

*Benigno Dávila* for appellant.   The Registrar appeared by brief. *Rafael R. Fuertes, Félix Bello,* and *A. Sandín del Manzano,* for the Planning Board, as *amicus curiae.*

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

Ernesto Benítez filed a petition for "Dominion title and cancellation of contradictory entry" in the District Court of San Juan in which he alleged that he was the owner in fee simple of four lots described in the petition; that he

purchased said lots from Francisca Andrades, two of them by public deed of February 28, 1948 before Notary Benigno Dávila, another by public deed of October 21, 1947 and the last one by public deed of December 30, 1947, both these last deeds were made before the same notary; that Francisca Andrades acquired them in payment of a debt about the year 1936, from María Zacarías Escalera Andrades, "as stated in public deed No. 84 executed before the same Notary Benigno Dávila on October 20, 1947"; that the said property belonged originally to a larger one which said María Zacarías Escalera Andrades subdivided into lots, which larger property is also described in the petition; that the latter appears recorded in the Registry of Property of San Juan in favor of Francisca Guzmán Andrades, on page 136, vol. 77 of north Santurce, property No. 3972, second entry; that the said Francisca Guzmán Andrades died on March 27, 1939, her heirs, who are unknown, being designated in the petition by the names of John Doe and Richard Roe, for the purposes of the corresponding summons "to appear in this proceeding and consent to or oppose the afore-mentioned contradictory entry of possession on the property because of its origin"; that the four properties described in the petition are worth $1,000 each and they are free of liens with the exception of the one described under letter (c), which is encumbered by a mortgage to secure a promissory note to bearer for $1,000 principal; that adding up the time the petitioner has been in possession of the property with that of its former owners, it appears that the property had been possessed in good faith, publicly and peacefully, with just title and as owners and without interruption, for more than ten years and "that since the petitioner does not have a recordable title, in order to justify his rights he files this dominion title proceeding under § 395 and its concomitants of the Mortgage Law and offers documentary and oral evidence". The petitioner prayed that after summoning the District Attorney, the former owners or their assigns, if

they were known, and after the publication of the corresponding edicts, his evidence be admitted and that in due time his title of ownership be declared valid, the contradictory entries existing in favor of another person cancelled and petitioner's title recorded.

The petition was granted and the Court ordered that the former owners as well as those having contradictory entries be summoned, that the corresponding edicts be published and that "the District Attorney be heard, complying with the other legal requisites." After the clerk of the court issued the summons ordered by the court, the marshal served notice on the former owner, Francisca Andrades, personally, and at the same time certified that "he was unable to notify the heirs or assigns of Francisca Guzmán Andrades because they are unknown and because he was unable to find or determine any of them in spite of the steps taken in his inquiry."

Having requested and ordered the summons by edicts, these were published pursuant to the provisions of § 95 of the Code of Civil Procedure and the heirs and unknown assigns of Francisca Guzmán Andrades, designated with the names of *John Doe* and *Richard Roe* were summoned as well as anyone having any real right concerning the said properties those persons who could be prejudiced by the registration and in general, anyone who wished to oppose "to appear if they deemed it convenient, as set forth, before this Honorable Court within 60 days counted from the last publication of this edict in order that they consent to or oppose the cancellation of the contradictory entry, or to declare whatever is proper to defend their rights in the proceeding filed by the petitioner in this case to prove his ownership of the properties previously described."

The petition was heard and in view of the evidence introduced, and the record having been transferred to the District Attorney—who stated in writing that he did not have any objection to its approval—and "without anyone having presented any opposition to the cancellation of the contr

dictory entries and the recording of the dominion title in favor of petitioner", the lower court granted the dominion title proceeding of the previously described properties in favor of petitioner Ernesto Benítez and ordered the issuance of the corresponding certificate of said order "in order that said dominion title be recorded in the corresponding registry of property, cancelling any other entry existing in the registry, contrary to the title and alleged right of the petitioner in this case."

Upon presenting the aforesaid order to the Registrar, he refused to record it (1) because none of the parties interested, even though summoned personally and by edicts, appeared or were heard in connection with the petition; (2) because a subdivision having been made in 1947, it was not proved that the latter had been submitted to and approved by the Planning Board, in accordance with the provisions of the Act and (3) because the proceeding to be followed in the cancellation of a contradictory entry in the registry is a plenary and contested action and not an *ex parte* dominion title proceeding.

The petitioner maintains that the registrar's position rests on erroneous bases given in his note of refusal. Let us see.

Article 82 of the Mortgage Law, as amended by Act No. 22 of July 7, 1923, among other things provides that "*Records* or cautionary notices made by virtue of a public instrument can be cancelled only by a *final order* from which no appeal is pending, or by another instrument or authentic document in which the person in whose favor the entry may have been made, or his assigns or legal representatives signify their consent to the cancellation." (Italics ours.) Section 20 of the same law, among other things, provides that the registrars shall refuse to permit the recording or entry of a deed conveying or encumbering the ownership or possession of real property or property rights other than the one making the conveyance or making the encum-

brance. Section 395 establishes the way in which any owner of property holding no written title of ownership may prove and record the same. Section 390 and subsequent ones until 394, inclusive, fix the formalities and requirements of such titles for the recording, by said owners, of the *ownership* of their property.

We have repeatedly held that a dominion title order is not recordable when there is a prior conflicting record in favor of a person who, although *summoned,* has not *consented* to the cancellation nor been *defeated in court. Rodríguez* v. *Registrar,* 65 P.R.R. 615; and cases cited therein;[1] *Iñesta* v. *Registrar,* 65 P.R.R. 726; *Alcázar* v. *District Court,* 67 P.R.R. 680. Cancellation "is an act of waiving rights equivalent to an alienation and hence it requires capacity for disposal, or the fulfillment of the necessary legal requirements and formalities for the conveyance or constitution of real rights." 3 Morell, *Legislación Hipotecaria* 451. Such, no doubt, is the reason for the law, in requiring by its § 82, that the records or cautionary notices made by virtue of a public instrument shall be canceled only with the consent of the person in whose favor the record or entry may have been made, or his assigns or legal representatives or by a *final* order from which no appeal is pending; § 83 providing in turn that if the cancellation were proper "and the party prejudiced by the cancellation should not agree

---

[1] In *Canino* v. *Registrar of San Juan,* 31 P.R.R. 413, there was involved a contradictory record of *possession.* In *Rodríguez* v. *Registrar, supra,* the scope of the *Canino* case is analyzed and set forth in connection with Morell's commentary in volume 5, page 540 of his book *Legislación Hipotecaria,* to the effect that a judgment ordering the cancellation of a contradictory entry of *possession* within a dominion title proceeding is recordable provided the record owner is summoned. Said case, for the reasons stated in the *Rodríguez* case is no longer a precedent in this jurisdiction. In the case at bar, as it may be seen the contradictory entry is one of *dominion,* not of possession. And Morell's theory, in the afore-mentioned book and pages, is consistent, as to the fact that the cancellation of a contradictory entry of *dominion* within a dominion title proceeding does not lie, with the rule established in the *Rodríguez* case and in other previous and subsequent.

thereto, the other person interested may bring a declaratory action against him." "The dominion title proceeding may be considered as an act of voluntary jurisdiction, as long as there is no conflict between known and particular parties." 5 Morell, *Legislación Hipotecaria* 528. Referring to the petition for the proceeding, Barrachina says in his *Derecho Hipotecaria y Notarial*, volume 4, page 320:

"This petition which is not a complaint with facts and grounds of law, shall be transferred to the District Attorney; the person from whom title is derived or his predecessor, if he is known, and those who should have any legal rights, shall be summoned (this is not service) ; all the pertinent evidence offered by the petitioner shall be admitted by the interested parties summoned or by the District Attorney within the term of one hundred eighty days and the unknown parties, who may be prejudiced by the requested record shall be summoned by edicts posted in public places and published three times in the *Official Bulletin* in order that they may appear, if they wish to claim their right."

As long as there is no *conflict* between known and particular parties, the proceeding does not lose its *ex parte* character—nor does the order, therefore, become res judicata, *González* v. *The People*, 10 P.R.R. 458. When there is a contradictory entry in the registry and the record owner appears to oppose the proceeding and the cancellation of said entry, then the *ex parte* proceeding becomes a contested action and then only, after the record owner is *heard* and *defeated* in trial, may the cancellation be ordered if the ownership has been established in favor of petitioner. *Rodríguez* v. *Registrar, supra; Bermúdez* v. *Morales*, 42 P.R.R. 411; *cf. Jiménez* v. *Municipality*, 70 P.R.R. 491. The order so issued then partakes of the character of res adjudicata,[2] due to the plenary character acquired within the proceeding, thereby complying with the requirement of § 82.

---

[2] Res Adjudicata: The public and solemn document by which a judgment becomes final and unappealable. 12 *Enciclopedia Jurídica Española* 961. Judgments rendered in dominion title proceedings do not constitute res adjudicata. *González* v. *The People, supra.*

■■ The petitioner maintains, that having summoned Francisca Andrades, former record owner, as well as the heirs or unknown assigns of Francisca Guzmán Andrades, owner of the contradictory entry, in accordance with § 95 of the Code of Civil Procedure concomitant with § 395 and others of the Mortgage Law, and the latter not having appeared, his petition should be regarded, for all legal purposes, as if it were a complaint, and the decision in his favor —based on the evidence brought—without the attendance of the latter, like a judgment by default. This contention is untenable. The petitioner made use of the relief and formality provided by the Mortgage Law for dominion title proceedings, which are not the civil actions mentioned in Rule 81 of the Rules of Civil Procedure, since said Rules provide under the last mentioned one that they, ". . . shall be applicable to all *ordinary* civil actions and to all proceedings for mandamus, injunction, interdict for the retention or recovery of the possession of real property, intervention (*tercería*), and enforcement of homestead claims." (Italics ours.) Since the dominion title proceedings are not *ordinary* actions, and are not expressly included in Rule 81, such Rules are not applicable even when, under our Code of Civil Procedure, the service of summons is a necessary requirement for the validity of the proceedings. To this respect see *Cerdá v. Ossorio*, 65 P.R.R. 315.

The petitioner herein having failed to file a complaint in an ordinary action which could culminate in a *judgment* ordering the cancellation of the contradictory entry recorded in the registry and no *conflict* having been established in the dominion title proceeding which he commenced as an *ex parte* proceeding, we must conclude that the Registrar acted correctly in refusing to make the recordation.

In view of our conclusion it is unnecessary to consider the remaining reasons of his note of refusal.

The note appealed from will be affirmed.